IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID HOFFMASTER, individually
and on behalf of all those similarly situated,

               Plaintiffs,               OPINION AND ORDER

    v.

                                               16-cv-258-wmc

COATING PLACE, INC.,

               Defendant.

---

On behalf of himself individually and others similarly-situated, plaintiff David Hoffmaster brings this action alleging that defendant Coating Place, Inc., denied him and other employees wages for time spent donning and doffing sanitary uniforms in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and Wisconsin state law. (Am. Compl. (dkt. #21).) Presently before the court is the parties' joint stipulation for class certification under Federal Rule of Civil Procedure 23 (dkt. #32), and plaintiffs' unopposed motion for preliminary approval of class action settlement agreement (dkt. #33.) The court will grant both motions and set a fairness hearing for 10:00 a.m. on May 11, 2017.

BACKGROUND

Plaintiff filed this class and collective action on April 20, 2016, alleging that defendant failed to pay him and the putative class members for time spent donning and doffing sanitary uniforms, which were required to perform their jobs, in violation of the FLSA and Wisconsin state law. (Compl. (dkt. #1).) Defendant answered the complaint

on May 12, 2016, denying that plaintiff and the putative class members performed uncompensated work. (Answ. (dkt. #5).)

After engaging in discovery, including 30(b)(6) depositions, plaintiff filed an amended complaint, modifying the class definitions, and the parties stipulated to conditional certification of the FLSA collective action. (1st Am. Compl. (dkt. #16); Parties' Stip. (dkt. #14).) The court approved the stipulation. (Dkt. #15.) Notice was sent to the putative class, and a total of 22 current and former employees opted in to the FLSA collective action. (Dkt. ##18-29.)

The parties then engaged a mediator to assist the parties in reaching a final resolution. The mediation focused primarily on the amount of time spent donning and doffing uniforms, whether a third-year of damages would be available to the FLSA opt-in members, and whether liquidated damages would be awarded. The parties reached a settlement, which is the focus of the present motions. In brief, the settlement provides for a $187,500 settlement fund. The parties agreed to stipulate to class certification. There will be no claims process; claim members will receive funds unless they exclude themselves from the settlement. If class members exclude themselves from the settlement, their allocated amount will be re-allocated to the participating class members. If class members fail to cash their settlement checks, those funds will revert to defendant.[1] Counsel will petition for attorneys' fees and costs of one-third of the settlement fund and a $3000 enhancement payment for the named plaintiffs. Any

---

[1] In the motion for final approval, the parties should provide some estimation as to the amount of funds which could revert to defendant.

unapproved fees and enhancement payment (or portion of payment) or amounts allocated to individuals who opt-out of the class will be re-allocated to the participating class members. (Pl.'s Br. (dkt. #34) 4-5.)

Under the settlement, after accounting for attorneys' fees, costs and an enhancement payment, all participating class members will be paid for 12 minutes of donning and doffing for each shift worked during the statutory period at their overtime rates.[2] The average claim value for a participating class member is $1,512.59. Those individuals who opted into the FLSA collective action will recover for the full three-year period available under the FLSA.

ORDER

I. Preliminary Settlement Approval

1. Based upon the court's review of plaintiff's unopposed motion for preliminary approval of class action settlement (dkt. #33), as well as plaintiff's brief in support and other materials submitted in connection with the motion, preliminary approval of the settlement is GRANTED.

2. The court concludes that at this preliminary stage, the proposed settlement "is within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998), and finds that it was reached as a result of vigorously-contested

---

[2] Plaintiff represents that 12 minutes is the proper amount of time, whereas defendant maintained during the litigation that 6 minutes was a more reasonable estimate. (Pl.'s Br. (dkt. #34) 7.)

litigation to resolve bona fide disputes, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982).

3.    The court finds that the proposed settlement appears to be the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution and defense of wage-and-hour class action lawsuits.

4.    While the court is satisfied that the settlement is facially reasonable, it intends to scrutinize plaintiff counsel's application for attorneys' fees when the time comes for final approval of the settlement. Specifically, the court may use counsel's hourly billing records and rates as a factor in determining an appropriate fee award.

## II. Certification of the Rule 23 Class

5.    For settlement purposes only, the court certifies the following class under Fed. R. Civ. P. 23(e) (the "Rule 23 Class"):

> All persons who have been or are employed by Coating Place, Inc. at its Verona, Wisconsin facility as a Production Operator at any time between April 20, 2014, and December 20, 2016.

(Joint Stip. (dkt. #32) ¶ 2.)

6.    The Rule 23 Class meets all of the requirements for settlement class certification under Fed. R. Civ. P. 23(a) because:

    a)    there are 78 members of the class.

    b)    the class members share common alleged issues of fact and law, including:

        i.    whether defendant maintained a common practice and policy of unlawfully failing to pay wages to plaintiff and members of the

        putative class for time spent donning and doffing protective sanitary uniforms;

    ii.    the amount of unpaid work performed by plaintiff and members of the putative class; and

    iii.    the proper measure of damages, if any, sustained by the named plaintiffs and members of the class.

    c)    the named plaintiff's claims arise from the same factual and legal circumstances as the class members;

    d)    class counsel are qualified, experienced, and able to conduct the litigation; and

    e)    the named plaintiffs' interests are not antagonistic to the class members' interests.

7. The Rule 23 Class satisfies Fed. R. Civ. P. 23(b)(3) because common factual allegations and a common legal theory predominate over any factual or legal variations among class members. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

### III. Appointment of Plaintiff's Counsel as Class Counsel and the Named Plaintiff as Class Representative.

8. The court appoints Hawks Quindel, S.C. as class counsel because it meets all of the requirements of Fed. R. Civ. P. 23(g).

9. Class counsel did substantial work identifying, investigating, prosecuting, and settling FLSA and the Rule 23 Class members' claims.

10. Class counsel's attorneys have substantial experience prosecuting and settling employment class actions, including wage-and-hour class actions, and are well-versed in class action and wage-and-hour law. The Western and Eastern Districts of Wisconsin have both found class counsel adequate in employment law class actions in the past.

11. The work that class counsel has performed in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

12. The court appoints plaintiff David Hoffmaster as the class representative of the Rule 23 Class.

**IV. Class Notice and Settlement Procedure**

13. The court approves the Proposed Notice of Class Action Settlement attached as Exhibit B to the Settlement Agreement (dkt. #35-1) with one exception. On page 5 of the notice, the paragraph beginning "If you object . . .," the notice should direct class members to file their objection with the court and provide the following address: U.S. District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, WI 53703. The notice should not require objecting class members to send copies of the objection to *two* different addresses; instead, plaintiff should select one of the recipients. With that change, the court directs the distribution of the Notice.

14. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified

    through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

15.     The Notice satisfies each of these requirements and adequately puts the Rule 23 class members on notice of the proposed settlement.

16.     The court approves the following settlement procedure and timeline:

    a) no later than March 17, 2017, class counsel will mail the Notice of Settlement to the class members;

    b) class members will have 42 days from the date of the mailing to review the terms of the Notice and submit a request to be excluded or any objections;

    a) no later than April 20, 2017, class counsel shall file a petition for attorneys' fees and costs;

    b) any supplemental briefing on the parties' motion for final approval of the settlement and any objective to class counsel's fee petition are due on or before May 4, 2017; and

    c) the court will hold a fairness hearing on May 11, 2017 at 10:00 a.m.

Entered this 10th day of May, 2017.

                                BY THE COURT:

                                /s/
                                _____
                                WILLIAM M. CONLEY
                                District Judge