IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

DAVID HOFFMASTER,

                Plaintiff,                      OPINION AND ORDER

v.

                                                  16-cv-258-wmc

COATING PLACE, INC.,

                Defendant.

---

Pursuant to an unopposed motion, plaintiff David Hoffmaster seeks final approval of a settlement of this hybrid action, which alleges wage and hour violations (1) as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and (2) as class actions pursuant to Federal Rule of Civil Procedure 23 under the wage and hour laws of Wisconsin. (Dkt. #43.) For the reasons that follow, as well as those set forth in the court's opinion and order granting preliminary approval of this settlement (dkt. #37), the court will give final approval of the settlement terms and approve the enhanced payments, attorneys' fees and costs, as well as certify a Rule 23 class for that purpose.

    **A. Settlement**

Based on today's fairness hearing, plaintiff's written submissions, the lack of any objections, and the entire record in this case,[1] the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure

---

[1] Among other considerations, the court notes that only one of the 78 class members -- all of whom received notice of the settlement -- excluded himself from it.

23(e) and that the settlement represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The modest enhancement payment of $3,000 to the named plaintiff is also reasonable.

## B. Attorneys' fees

Also before the court is class counsel's petition for attorneys' fees and costs, which will be approved. (Dkt. #38.) Class counsel seeks $62,500 in attorneys' fees and costs, representing 33% of the common settlement fund. The court has reviewed class counsel's arguments in support of this award (Pl.'s Br. (dkt. #39), the declaration of Attorney David C. Zoeller and attached time entries and incurred costs (dkt. ##40, 40-1, 40-2), and declarations by two third-party attorneys (dkt. ##41-42). The time records reflect that class counsel expended resources litigating this matter over the past year, including approximately 117 hours of attorney time at hourly rates ranging from $225 to $400, which total approximately $38,540.00 if billed hourly. (Zoeller Decl., Ex. B (dkt. #40-2).) Class counsel also accumulated $4,979.12 in costs. (*Id.*, Ex. A (dkt. #40-1).) Counsel also represents that it entered into a contract with the named plaintiff upfront in which he agreed to a payment of 33.33% of the gross recovery *plus* costs.

Here, class counsel seeks an award of 33% of the settlement fund, inclusive of costs. In light of the approximate $5,000 in costs incurred by counsel, the attorney's fee portion of the sought award amounts to closer to 30%. This percentage is consistent with other awards granted by this court in approving class action settlements. (Pl.'s Br. (dkt. #39) 9 (citing cases).) Still, unlike in other cases, the lodestar amount, calculated by class counsel as $38,540, falls almost $20,000 short of the requested fee amount.

While class counsel argues that a lodestar cross-check is unnecessary where a market rate is available (Pl.'s Br. (dkt. #39) 15-19), the court nevertheless finds the actual fees incurred can provide a critical reference point for fee requests, especially where the so-called market rate is established in a one-sided negotiation.[2] Of course, the court also credits class counsel's argument that a lodestar approach does not necessarily account for the risks associated with class litigation or the market for such litigation, if less so in a case like this where the law and facts are now fairly settled.

With some reservation, the court nonetheless finds the 33% fee and cost request reasonable given: (1) the need for significant discovery, including a material and early 30(b)(6) deposition; (2) the factual and legal uncertainties that remain with respect to plaintiffs' claims; (3) market rates; (4) awards for similar hybrid FLSA and Rule 23 class actions in this district; and (5) a resolution of the entire case is in the best interest of the class members, none of whom have objected to the fee request. Accordingly, the court will award attorney's fees and costs in the total amount of $62,500.00.

ORDER

IT IS ORDERED that:

1) Plaintiff's unopposed motion for final approval of the settlement agreement (dkt. #43) is GRANTED and the parties are directed to carry out its terms and provisions.

---

[2] If class counsel wanted more certainty as to the enforceability of class action fee agreements before incurring substantial costs and fees, to seek approval of a fee schedule earlier. *See Silverman v. Motorola Solutions, Inc.*, Nos. 12-2339, 12-2354, 2013 WL 4082893, at *1 (7th Cir. Aug. 14, 2013).

2) The enhancement payments of $3,000.00 to named plaintiff David Hoffmaster is APPROVED.

3) Class counsel's petition for costs and attorneys' fees (dkt. #38) is GRANTED in the requested amount of $62,500.00.

4) Settlement payments described in the Exhibit A to the Declaration of David C. Zoeller (dkt. #45-1) are APPROVED.

5) This action is dismissed, the court expressly retains jurisdiction to enforce the terms of settlement and the clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 11th day of May, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge